LOUIS FELDESMAN, Plaintiff, *v.* CHASE HARRIS FORBES CORPORATION, BLAIR & CO., INC., et al., Defendants.

Supreme Court, Special Term, New York County, June 23, 1942.

*Ernest Mahler* and *Murray T. Feiden* for plaintiff.

*Cravath, deGersdorff, Swaine & Wood* for defendant *Blair & Co., Inc.*

MCLAUGHLIN, J. In the court's opinion chapter 908 of the Laws of 1934, pursuant to which the purported service was made, was not intended to apply to corporations which had been dissolved prior to the date of its enactment. It is true that such dissolved corporations continue in existence for the purpose of

satisfying their obligations and liabilities, collecting and distributing their assets and suing and being sued. It does not follow, however, that the Legislature contemplated that the statute above referred to was to include within its scope previously dissolved corporations. The statute applies to "every business corporation formed prior to the first day of January, nineteen hundred thirty-five." (Stock Corp. Law, § 24.) This language, fairly and reasonably construed, refers to corporations actually engaged in business rather than to those which had been dissolved and which are in existence merely for the purpose of winding up their affairs. It was apparently thought that the continued transaction of business by undissolved corporations would constitute an implied consent to service upon the Secretary of State. This reasoning would be inapplicable in the case of dissolved corporations. To hold that the statute applies retroactively even to corporations dissolved prior to its enactment might lead to absurd results. Corporations dissolved decades ago but which have not collected every single outstanding asset or which have not paid every outstanding liability, could be served with process by service of the same upon the Secretary of State. The statute, thus interpreted, would be of doubtful constitutionality in that it would permit actions to be brought against dissolved corporations without more than a remote possibility of their receiving actual notice, thus denying them due process of law.

The motion to vacate service is accordingly granted.